# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS C. DINWIDDIE, | 1:11-cv-01874 AWI GSA |
| | |
| | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| | |
| | Discovery Deadlines: |
| Plaintiff, | Initial Disclosures: June 30, 2012 |
| | Non-Expert Discovery: |
| | April 17, 2013 |
| | Expert Disclosure: March 28, 2013 |
| | Supplemental Expert Disclosure: |
| | April 26, 2013 |
| | Expert Discovery: May 17, 2013 |
| v. | |
| | Motion Deadlines: |
| | Non-Dispositive: |
| | Filing: May 24, 2013 |
| | |
| | Dispositive: |
| WASTE MANAGEMENT, INC. | Filing: June 17, 2013 |
| and DON JOHNSON, | |
| | Settlement Conference: Not Set |
| | |
| | Pre-Trial Conference: |
| | July 26, 2013 at 8:30 a.m. |
| Defendants. | Courtroom 2, 8th Floor |

Trial:   September 17, 2013 at 8:30 a.m.
Courtroom 2, 8th Floor
Jury Trial - 5-10 days

## I.   Date of Scheduling Conference

May 21, 2012.

## II.   Appearances of Counsel

Howard Moore appeared telephonically on behalf of Curtis C. Dinwiddie. ("Plaintiff").

Elia DeLuca appeared telephonically on behalf of Waste Management, Inc. And Don Johnson

1  ("Defendants").

2  **III.     Consent to the Magistrate Judge**

3       Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further

4  proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate

5  Judge.

6  **IV.     Discovery Plan and Cut-Off Date**s

7       The parties shall exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) by

8  **June 30, 2012**.  The parties do not anticipate any amendments to the pleadings.  The parties are

9  ordered to complete all discovery pertaining to non-experts on or before **April 17, 2013.** The

10  parties are directed to disclose all expert witnesses, in writing, on or before **March 28, 2013.**

11  The parties also shall disclose all supplemental experts on or before **April 26, 2013.**  The written

12  designation of experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and

13  shall include all information required thereunder.  Failure to designate experts in compliance

14  with this order may result in the Court excluding the testimony or other evidence offered through

15  such experts that are not disclosed pursuant to this order.

16       The parties are directed to complete all expert discovery on or before **May 17, 2013.** The

17  provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and

18  their opinions.  Experts must be fully prepared to be examined on all subjects and opinions

19  included in the designation.  Failure to comply will result in the imposition of sanctions, which

20  may include striking the expert designation and preclusion of expert testimony.

21  **V.     Pre-Trial Motion Schedule**

22       All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no

23  later than **May 24, 2013** and will be heard in Courtroom 10 before Magistrate Judge Gary

24  Austin.  In scheduling such motions, the parties shall comply with Local Rule 230.  Counsel must

25  comply with Local Rule 251 with respect to discovery disputes or the motion will be denied

26  without prejudice and dropped from calendar.  In scheduling such motions, the Judge may grant

27

28                                                    2

1  applications for an order shortening time pursuant to Local Rule 6.  However, if a party does not

2  obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.  In

3  addition to filing a joint statement electronically, a copy of the joint statement shall also be sent

4  Judge Austin's chambers by email to gsaorders@caed.uscourts.gov.

5        The parties are advised that unless prior leave of the Court is obtained, all moving and

6  opposition briefs or legal memorandum in civil cases before Judge Austin shall not exceed thirty

7  (30) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page

8  limitations do not include exhibits.  Briefs that exceed this page limitation, or are sought to be

9  filed without leave, may not be considered by the Court.

10        Counsel or pro se parties may appear and argue non-dispositive motions by telephone,

11  providing a written request to so do is made to Judge Austin's Clerk no later than five (5) court

12  days before the noticed hearing date.  In the event that more than one party requests to appear by

13  telephone, it shall be the obligation of the moving part(ies) to arrange and originate a conference

14  call to the Court.

15        All Dispositive Pre-Trial Motions shall be filed no later than **June 17, 2013**, and heard in

16  Courtroom 2 before the Honorable Anthony W. Ishii, Chief United States District Court Judge.

17  In scheduling such motions, the parties shall comply with Local Rules 230 and 260.

18        **Motions for Summary Judgment or Summary Adjudication**

19        Prior to filing a motion for summary judgment or motion for summary adjudication the

20  parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be

21  raised in the motion.

22        The purpose of meeting shall be to : 1) avoid filing motions for summary judgment where

23  a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in

24  whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4)

25  narrow the issues for review by the court; 5) explore the possibility of settlement before the

26  parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint

27

28                                        3

1   statement of undisputed facts.

2        The moving party shall initiate the meeting and provide a draft of the joint statement of

3   undisputed facts.  In addition to the requirements of Local Rule 260, the moving party shall file a

4   joint statement of undisputed facts.

5        In the notice of motion, the moving party shall certify that the parties have met and

6   conferred as ordered above and set forth a statement of good cause for the failure to meet and

7   confer.

8   **VI.**     **Pre-Trial Conference Date**

9        The pre-trial conference will be held on **July 26, 2013**, **at 8:30 a.m.** in Courtroom 2

10  before the Honorable Anthony W. Ishii.

11       The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2).

12  The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect

13  X3[1] format, directly to Judge Ishii's chambers by emailing it to awiorders@caed.uscourts.gov.

14       The parties' attention is directed to Rules 281 and 282 of the Local Rules of Practice for

15  the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial

16  conference.  The Court will insist upon strict compliance with those rules.

17  **VII.**     **Trial Date**

18       The trial will be held on **September 17, 2013**, **at 8:30 a.m.** in Courtroom 2 before the

19  Honorable Anthony W. Ishii, Chief United States District Court Judge.

20          A.     A jury trial has been requested.

21          B.     Parties' Estimate of Trial Time: 5-10 days.

22          C.     Parties' attention is directed to Local Rules of Practice for the Eastern

23                District of California, Rule 285, for preparation of trial briefs.

24  ///

---

26  [1] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect
    or any other word processing program in general use for IBM compatible personal computers is
27  acceptable.

28                          4

**VIII.   Settlement Conference**

A Settlement Conference has not been scheduled.  The parties are advised to contact the court if they determine that a settlement conference would be beneficial.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference.  Provided below are the procedures this Court will employ when conducting a settlement conference.

A.  Required Pre-Settlement Conference Communications

A settlement conference is more likely to be productive if the parties have exchanged written settlement proposals in advance of the conference.  Accordingly, at least twenty-one (21) calendar days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and a good faith *settlement demand* to defendant's counsel with a brief explanation of why the demand is appropriate.  Thereafter, but no later than seven (7) calendar days prior to the settlement conference, defendant's counsel shall submit a good faith written *offer* to plaintiff's counsel with a brief explanation of why the offer is appropriate.

On occasion, this process will lead directly to a settlement.  If settlement is not achieved, plaintiff's counsel shall deliver or fax copies of all settlement proposals along with his/her *Confidential Settlement Conference Statement* to chambers.  Copies of these documents are not to be filed on the court docket.

B.  Confidential Settlement Conference Statement

At least four (4) calendar days prior to the settlement conference, the parties shall submit the *Confidential Settlement Conference Statement* to Judge Austin's chambers via gsaorders@caed.uscourts.gov.  This statement  shall include the following:

1.      A list of all elements of each cause of action or affirmative defense pled in the party's respective complaint or answer;

2.      A brief statement identifying those facts that support each cause of action or affirmative defense;

3.      A description outlining the factual and legal contentions upon which the

parties agree or disagree;

        4.     A description identifying the impediments to settlement, including financial, emotional or legal concerns;

        5.     A summary of the settlement attempts to date;

        6.     A statement of the specific relief sought; and

        7.     A statement identifying any third party (i.e., lien holder, etc.) with a legal interest in this action.

C.  Attendance

The attorneys who will try the case shall appear at the settlement conference accompanied by the named parties and all persons having authority to negotiate the settlement.[2]  If appropriate, the principal representative shall have approval to settle the action on the terms consistent with the opposing party's most recent demand.

D.  Mediation Format

A mediation format will be employed during the settlement conference.  The lawyers, the parties, and all representatives must be fully prepared and will be expected to participate.  The Court encourages all participants to be flexible and to reassess their previous positions, as well as put to forth their best efforts toward reaching a mutually agreeable settlement.

E.  Duty of Counsel to Set the Settlement Conference Date

Counsel shall contact Courtroom Deputy Amanda Bradley to set a settlement conference when all parties agree that participation would be effective, but preferably not later than sixty (60) days after the close of discovery.

F.  Statements Inadmissible

---

[2]Insurance carriers, business organizations, and governmental agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, et cetera, shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.

The Court expects full and candid participation during the settlement conference. With this in mind, statements made by any party or attorney during the settlement conference are not to be used in discovery and will not be admissible at trial.

G.  Sanctions

Failure to follow this procedure will result in removal of the settlement conference from the Court's calendar and may result in additional sanctions.

**IX.    Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Defendants recommend bifurcation of the punitive damages claim.

**X.    Related Matters Pending**

There is no related litigation.

**XI.    Compliance with Federal Procedure**

The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XII.    Effect of this Order**

The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

1    Failure to comply with this order may result in the imposition of sanctions, including but

2  not limited to, dismissal of this action.

3

4    **IT IS SO ORDERED.**

5    **Dated:**   **May 21, 2012**            /s/ **Gary S. Austin**
                                    **UNITED STATES MAGISTRATE JUDGE**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                8